**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-4459**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

RUBEN L. AGUILAR, a/k/a Kilo,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Senior District Judge.  (1:16-cr-00086-IMK-MJA-1)

_____

Submitted:  March 20, 2018                               Decided:  March 28, 2018

_____

Before TRAXLER, KING, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Charles T. Berry, Fairmont, West Virginia, for Appellant.  Traci Michelle Cook, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ruben L. Aguilar pled guilty, pursuant to a written plea agreement, to conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012), and was sentenced to 30 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the prosecutor committed misconduct and whether Aguilar received ineffective assistance of counsel. Although advised of his right to file a supplemental pro se brief, Aguilar has not done so. The Government declined to file a response brief. We affirm.

To prevail on a prosecutorial misconduct claim, a defendant must demonstrate that the prosecutor's conduct was improper and that the misconduct prejudicially affected the defendant's substantial rights. *United States v. Caro*, 597 F.3d 608, 624-25 (4th Cir. 2010). The relevant inquiry asks "whether the misconduct so infected the [proceeding] with unfairness as to make the resulting conviction a denial of due process." *Id.* at 624 (alteration and internal quotation marks omitted). Because Aguilar did not raise a prosecutorial misconduct claim in the district court, this Court reviews the issue for plain error. *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005). Our review of the transcript reveals no error, plain or otherwise, in the prosecutor's conduct. It was within the prosecutor's discretion to offer Aguilar a plea agreement limited to the drug weight from the federal investigation, and it was within Aguilar's discretion to accept or reject that plea offer. Thus, the prosecutor's conduct as described by Aguilar was not improper.

Aguilar next claims that he received ineffective assistance of counsel. We do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Indeed, a defense attorney should be given an opportunity to address the reasons for his or her action or inaction, and the record should be more fully developed, before addressing this issue. *See United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). Our review of the record uncovered no conclusive evidence of ineffective assistance. Aguilar's claim "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Faulls*, 821 F.3d at 508.

In accordance with *Anders*, we also have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Aguilar, in writing, of the right to petition the Supreme Court of the United States for further review. If Aguilar requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Aguilar.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*